UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JEAN DUFORT BAPTICHON,

                Plaintiff,

         - against -

THE FEDERAL RESERVE BANK OF
MINNEAPOLIS,

                Defendant.
-------------------------------------------------------x

**ORDER**
24-CV-6748 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On September 25, 2024, *pro se* Plaintiff Jean Dufort Baptichon ("Plaintiff") filed the instant fee-paid action against the Federal Reserve Bank of Minneapolis ("Defendant" or the "Bank"). (Compl., Dkt. 1.) Along with the Complaint, Plaintiff filed a proposed order to show cause seeking a preliminary injunction and temporary restraining order. (Dkts. 3, 3-1.) Plaintiff seeks to have Defendant produce the "Gold Certificate" that is the subject of the underlying action. (*See generally* Dkt. 3-1.) For the reasons discussed below, Plaintiff's request for a preliminary injunction and a temporary restraining order is denied.

Plaintiff alleges that he is the chief executive officer of a newly formed nonprofit foundation. (Compl., Dkt. 1, at ECF[1] 2.) On or about September 2021, Plaintiff allegedly received a charitable donation in the form of a "$1,000,000.00 Gold Certificate" (the "Gold Certificate") from an anonymous donor. (*Id.*) According to the Complaint, the Gold Certificate is signed by the Secretary of the Treasury and the Treasurer of the United States, and states: "THIS IS TO CERTIFY THAT THERE IS ON DEPOSIT IN THE TREASURY OF THE UNITED STATES

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

OF AMERICA ONE MILLION DOLLARS ($1,000,000.00) PAYABLE TO BEARER ON DEMAND AS AUTHORIZED BY LAW." (*Id.*)[2] On or about August 15, 2024, Plaintiff allegedly delivered the Gold Certificate to the Bank. (*Id.*) The Court infers from Plaintiff's filings that the Bank refused to redeem the Gold Certificate and informed Plaintiff that the Gold Certificate was fraudulent. (*See generally* Dkt. 3-1.) Plaintiff demands judgment against Defendant for the sum of $1,000,000 with interest and costs. (Compl., Dkt. 1, at ECF 3.)

Plaintiff moves the Court to enjoin Defendant from "defaming [and] falsely accusing [] [P]laintiff of fraud" and to order Defendant to produce the Gold Certificate immediately. (Dkt. 3-1 at ECF 1.) Temporary restraining orders ("TRO") and preliminary injunctions are extraordinary and drastic remedies. *See Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007). The standard for granting a TRO is the same as those governing preliminary injunctions. *Davis v. Mendoza*, No. 23-CV-5634, 2023 WL 5486246, at *1 (E.D.N.Y. Aug. 24, 2023). A party seeking injunctive relief through either a temporary restraining order or a preliminary injunction must "establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *Conn. State Police Union v. Rovella*, 36 F.4th 54, 62 (2d Cir. 2022) (internal quotations omitted); *Isaac v. Peace*, No. 23-CV-6275, 2023 WL 7352434, at *2 (E.D.N.Y. Oct. 11, 2023). "A showing of irreparable harm is the single most important

---

[2] Plaintiff attaches to his Complaint the purported $1,000,000 Gold Certificate, which resembles a dollar bill bearing the image of Woodrow Wilson in the center. (Dkt. 1 at ECF 5.) Apparently, similar items are available on the Internet. *See*, *e.g.*, https://www.ebay.com/str/hapercollections?_trksid=p4429486.m3561.l161211 (last viewed Sept. 29, 2024). (selling "46PCS The US Presidents Gold Banknotes One Million Dollars in Certificate Bag").

prerequisite for the issuance of a preliminary injunction." *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 672 (2d Cir. 2023) (quoting *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)). "[A]n irreparable injury is an injury that is not remote or speculative but actual and imminent, and for which a monetary award cannot be adequate compensation." *Dexter 345 Inc. v. Cuomo*, 663 F.3d 59, 63 (2d Cir. 2011) (citation omitted). The moving party carries the burden of persuasion, and "[t]he district court has wide discretion in determining whether to grant a preliminary injunction." *Moore v. Consolidated Edison Co. of N.Y.*, 409 F.3d 506, 511 (2d Cir. 2005).

Here, Plaintiff has failed to carry his burden of demonstrating actual or imminent irreparable injury. Plaintiff states that he "is suffering serious immediate harm[] because [he] possesses property interests in the Gold Certificate, as well as in his good name, reputation, honor, character integrity and social image [which] are being damaged by Defendant." (Dkt. 3-1 at ECF 2.) Plaintiff further contends that his nonprofit has been harmed because it is unable "to start the projected necessary accommodations . . . and [because Plaintiff has been] mislabeled a fraudster." (*Id.*). As a general matter, however, monetary injuries, such as those alleged by Plaintiff, do not constitute irreparable harm because such injuries can be estimated and compensated. *Brenntag Int'l Chemicals, Inc. v. Bank of India*, 175 F.3d 245, 249 (2d Cir. 1999). Plaintiff has not pleaded any facts that give the Court reason to depart from this general rule. *Cf. Centauri Shipping Ltd. v. W. Bulk Carriers KS*, 528 F. Supp. 2d 186, 194 (S.D.N.Y. 2007) (explaining that "monetary injury *may* suffice to establish irreparable harm in situations where the party that might ultimately be ordered to pay the monetary damages is insolvent or facing imminent bankruptcy, or is in a perilous financial state" (internal quotation marks and citation omitted)). Nor does Plaintiff explain how "his good name, reputation, honor, character integrity, and social image are being damaged," other

than conclusorily stating that he has been "mislabeled a fraudster." (Dkt. 3-1 at ECF 2.) In short, Plaintiff's motion "falls far short of meeting the high bar for securing the extraordinary relief of a temporary restraining order [or preliminary injunction] from this Court." *See Blakeman v. James*, No. 24-CV-1655, 2024 WL 3201671 (E.D.N.Y. Apr. 4, 2024) (denying motion for TRO and preliminary injunction where plaintiff's submission failed to demonstrate irreparable harm).

## CONCLUSION

For the reasons stated above, Plaintiff's motion for a TRO and preliminary injunction is denied. Although Plaintiff paid the filing fee to bring this action, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 30, 2024
       Brooklyn, New York

4