UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
JEAN DUFORT BAPTICHON,

               Plaintiff,

        - against -

THE FEDERAL RESERVE BANK OF
MINNEAPOLIS,

               Defendant.
------------------------------------------------------x

**ORDER**
24-CV-6748 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On September 25, 2024, *pro se* Plaintiff Jean Dufort Baptichon ("Plaintiff") filed the instant fee-paid action against the Federal Reserve Bank of Minneapolis ("Defendant" or the "Bank"). (Compl., Dkt. 1.) After Plaintiff responded to a first Order to Show Cause ("OTSC") as to why venue is proper in this district, (*see* Venue OTSC, Dkt. 9; Pl.'s Venue OTSC Resp., Dkt. 11), and to a second OTSC as to why this action should not be dismissed as frivolous, (*see* Dismissal OTSC, Dkt. 12; Pl.'s Dismissal OTSC Resp., Dkt. 13; Pl.'s 12/13/2024 Letter, Dkt. 16), the Court *sua sponte* dismissed this action on December 27, 2024, (12/27/2024 Docket Order). On January 18, 2025, Plaintiff filed the instant Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1] (Mot. Recons., Dkt. 18.) After the Court ordered Defendant

---

[1] Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure ("Rule" or "Rules") and Rule 6.3 of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York. *See Shearard v. Geithner*, No. 09-CV-0963, 2010 WL 2243414, at *1 (E.D.N.Y. May 30, 2010). Local Rule 6.3 provides that a notice of motion for reconsideration or re-argument of a court order shall be served within 14 days after the entry of the judgment. Rule 59(e) permits a party to seek reconsideration of a court's judgment so long as the party files its "motion to alter or amend a judgment . . . no later than 28 days after the entry of judgment." If the Rule 59(e) motion is not timely filed, then the motion to reconsider will be treated as a Rule 60(b) motion. *See United States v. Clark*, 984

to respond, (1/13/2025 Docket Order), Defendant did so on January 20, 2025, (Resp. Mot. Recons., Dkt. 19). On February 3, 2025, the Court received a letter from Plaintiff requesting the issuance of a subpoena duces tecum. (Subpoena Req., Dkt. 20.) For the reasons discussed below, Plaintiff's motion for reconsideration is denied, and his request for a subpoena is denied as moot.

## DISCUSSION

A motion to alter a judgment pursuant to Rule 59(e) "may be granted 'only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (quoting *Hollander v. Members of the Bd. of Regents of the Univ. of the State of N.Y.*, 524 Fed. App'x 727, 729 (2d Cir. 2013)). The Second Circuit has noted that it is "'well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). Rather, "the standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A party seeking reconsideration on the grounds of new evidence must establish that the new evidence is both "admissible and of such importance that it probably would have changed the outcome" to receive relief from a judgment. *Mezler Inv. GMBH v. Chipotle Mexican*

---

F.2d 31, 32 (2d Cir. 1993). Whether the Court considers Plaintiff's motion under Rule 59(e), Rule 60(b), or Local Rule 6.3, Plaintiff's Motion is timely, and the result is the same.

2

*Grill, Inc.*, 970 F.3d 133 (2d Cir. 2020) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001)).

Here, Plaintiff argues that the "Court committed errors of law and fact," (Mot. Recons., Dkt. 18, at 3), but he fails to point to any authority or evidence that the Court overlooked in dismissing the action and that could, let alone would, change the outcome here. This case concerns a "$1,000,000 Gold Certificate," which purportedly "was a charitable donation given to [Plaintiff] by an anonymous donor on or before September 2021." (Am. Compl., Dkt. 10, ¶ 6.) As the Court previously explained, the United States has never printed a $1,000,000 Gold Certificate. (Dismissal OTSC, Dkt. 12, at 4 (taking judicial notice of statement of Department of Treasury Office of Inspector General on its website that the "largest Federal Reserve note ever printed was "$100,000").) And the Court again notes that in a letter dated September 7, 2024, Defendant informed Plaintiff that the document he submitted was "fraudulent" and "not [a] valid obligation[] of the United States Government." (*Id.* at 2 (quoting Am. Compl., Dkt. 10, at ECF[2] 13.) Defendant advised Plaintiff to end his attempts to collect on the Gold Certificate, informed him of "its illegal nature," and warned him that if it "receive[s] further correspondence from [Plaintiff] concerning these types of fraudulent activities, [Defendant] will refer the matter to the Treasury Office of Inspector General." (*Id.* at 4 (quoting same).)

Plaintiff argues, though, that it "is true in fact and at law" that the United States government personally gave him the $1,000,000 Gold Certificate to make amends for the government's 1914 taking of over $500,000 in gold from the Haitian national bank. (Mot. Recon., Dkt. 18, at 2.) In support of this, Plaintiff cites to "relevant videos annexed hereto as evidence #3, #4, #5, #6, and

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

3

#7," (*id.*), though Plaintiff has not provided any such videos to the Court. The Court need not consider this additional evidence in any event because it could not change the Court's conclusion that the United States government has never printed a $1,000,000 Gold Certificate. Plaintiff has thus not established any grounds for granting his motion for reconsideration under Rule 59(e).

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration and request for a subpoena are denied. Although Plaintiff paid the filing fee to bring this action, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 22, 2025
Brooklyn, New York